### TRIPP v. KIRMES.

*(Common Pleas of New York City and County, General Term.   May 18, 1888.)*

WITNESS—CONTRADICTION—FORMER ADMISSIONS.

    Admissions and declarations of a foreman, relating to work of which he was in charge, are admissible to contradict his statements made as a witness against his employer in an action concerning such work.[1]

Appeal from trial term.

Action by William J. Tripp against Edward Kirmes. Verdict and judgment for plaintiff, and defendant appealed.

Argued before BOOKSTAVER, ALLEN, and DALY, JJ.

*Smith & Bowman,* for appellant.   *J. O. Miller,* for respondent.

BOOKSTAVER, J.   The question whether or not time was of the essence of the contract was distinctly raised by the pleadings, and also by the evidence given under them. That question was left to the jury under proper instructions by the court, as was also the question whether there had been a waiver of this stipulation of the contract. The jury found, on both of these questions, in favor of the plaintiff; and we think there was not only sufficient evidence to sustain the verdict, but a decided preponderance of evidence in favor of it. This being the case, the questions relating to a substantial performance of the contract, the sufficiency of the notice, etc., cease to be of any importance; and plaintiff's right to recover back the money which defendant admitted he had received, and the failure of the latter's counter-claim, follow as a matter of course. The only question left to be considered is whether the testimony as to the admissions and declarations of Fisher in regard to defendant's charges against the plaintiff were properly received in evidence. The defendant himself testified that Fisher was his agent, and the foreman engaged on the work in controversy, and the person whose duty it was to keep

[1] On the subject of impeaching a witness by showing previous contradictory statements, see Plyer v. Insurance Co., 1 N. Y. Supp. 395, and note; Inhabitants of Milford v. Inhabitants of Veazie, (Me.) 14 Atl. Rep. 730.

time, and the one from whom he took the number of hours, and "nearly all the items" charged plaintiff; and this was also testified to by Fisher himself, a witness called by plaintiff. We think the testimony complained of was competent, in contradiction of the witness Fisher, who had previously testified to a different state of facts. The judgment should be affirmed, with costs.

ALLEN and DALY, JJ., concur.